UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY INSURANCE FUND and TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY ANNUITY FUND and DISTRICT COUNCIL NO. 9 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, A.F.L.-C.I.O.,

                Petitioners,

– *against* –

Jonathan Metal & Glass LTD.,

                Respondent.

OPINION & ORDER

24-cv-05420 (ER)

---

Ramos, D.J.:

    Petitioners, Trustees of the District Council No. 9 Painting Industry Insurance Fund and Trustees of the District Council No. 9 Painting Industry Annuity Fund (the "Trustees"), along with District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union"), filed this action pursuant to § 9 of the Federal Arbitration Act ("FAA") and § 301 of the Labor Management Relations Act of 1947 ("LMRA") to confirm an arbitration award against Jonathan Metal & Glass LTD ("Jonathan Metal"). For the reasons set forth below, the petition is GRANTED.

**I.  BACKGROUND**

    The facts below are taken from the petition to confirm arbitration and the attached documents. Doc. 1.

    **A.  Factual Background**

    *1.  The Parties*

    Petitioners, the Trustees and the Union, are labor-related organizations that function for the benefit of painters and employees in allied trades in the New York area.

The Trustees are the fiduciaries of two, jointly administered multi-employer, labor management trust funds as defined by §§ 3(21)(A) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Doc. 1 ¶ 3; Doc. 11 ¶ 4. The trust funds are employee benefit plans within the meaning of §§ 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, and multi-employer plans within the meaning of §§ 3(37) and 515 of ERISA. *Id*.

The Union is a labor organization within the meaning of §§ 301 and 501 of the LMRA, § 3(4) of ERISA, and § 12 of the General Associations Law of the State of New York. Doc. 1 ¶ 2; *see also* Doc. 1-1 at 2.

Petitioners assert that Respondent, Jonathan Metal, is an employer in an industry affecting commerce within the meaning of the LMRA, 29 U.S.C. § 152(2), because it is a corporation duly organized and existing under the laws of New York with its last known place of business located at 178-18 107th Avenue, Jamaica, New York 11433. *Id.* ¶ 4.

### 2. *The Collective Bargaining Agreement*

Jonathan Metal became a member of the Window and Plate Glass Dealers Association of New York (the "Association") on April 28, 2005 and agreed to be bound by all agreements entered into by the Association. Doc. 2-2 at 50; *see also* Doc. 11 ¶ 2. Jonathan Metal was thus bound to the collective bargaining agreement ("CBA") between the Association and the Union covering the period from May 1, 2023 through April 30, 2027. *Id*. *See also* Doc. 1 ¶ 5; Doc. 2-2 at 2.

The CBA provides for the submission of disputes to the Union's Joint Trade Board (the "JTB"), which is "empowered to hear and decide in arbitration" and "remedy complaints brought before it including, but not limited to (i) wages and contributions owed [through] decisions, findings, and awards of the [JTB that] shall be final and binding upon the signatory Employer and the Union…" Doc. 2-2 at 42. *See also* Doc. 1 ¶ 6; Doc. 1-1 at 4; Doc. 11 ¶ 2. More specifically, the CBA states "awards of the [JTB] … shall be final and binding upon the complainant and respondent, and all interested

parties, and judgment may be entered upon the award in accordance with applicable law in any court having jurisdiction thereof," including this Court.  Doc. 2-2 at 45.

### 3. The Arbitration and Arbitration Award

A dispute arose between the parties and the Union filed a demand for arbitration with the JTB, charging Jonathan Metal with discrimination against shop steward, Dennis Vasquez.  Doc. 1 ¶¶ 7–8; Doc. 11 ¶ 7.

According to the CBA, a shop steward is a Union-trained and -appointed employee, who "must be present when all work is performed," and "[n]o shop steward may be laid off… until a [JTB] hearing, which shall be held within 24 hours."  Doc. 2-2 at 16–17.  However, the Union contended that Vasquez was "left home from work" by Jonathan Metal without a hearing from July 9, 2023 through November 12, 2023 while "more than two (2) Union employees perform[ed] work covered under the [CBA], and that… Vasquez should therefore have been at the jobsite…"  Doc. 2-1 at 3.

Upon due notice to all parties, the JTB held a hearing on March 21, 2024.  Doc. 1 ¶ 9; Doc. 11 ¶ 8.  Representatives of the Association and the Union, as well as the owner of Jonathan Metal, Wilfred Smith, attended the hearing.  Doc. 2-1 at 2–3.  The JTB determined that Smith "failed to refute [the Union representatives'] reportings."  Doc. 2-1 at 3.

The JTB further held that Jonathan Metal violated the CBA by engaging in discrimination against Vasquez and accordingly issued an award in favor of the Union on April 12, 2024.  Doc. 1 ¶¶ 10–12; *see also* Doc. 2-1 at 2–3.  The JTB concluded that Jonathan Metal should, on behalf of Dennis Vasquez, pay:  (1) $21,745.63 in wages to the Union; and (2) $25,786.62 in benefits to the Trustees' Painting Industry Annuity Fund ("PAIIF").  Doc. 1 ¶ 11; *see also* Doc. 2-1 at 4.

Following its failure to pay the award granted by the JTB, a demand letter was served on Jonathan Metal on April 23, 2024.  Doc. 1 ¶ 13; Doc. 2-5 at 2.  As of July 11, 2024, Jonathan Metal had not paid any part of the arbitration award.  Doc. 1 ¶ 14.

### B. Procedural History

Petitioners commenced this action on July 17, 2024 to confirm the April 12, 2024 arbitration award and seek attorney's fees, costs, and post-judgment interest. Doc. 1; Doc. 17. A summons was issued for Jonathan Metal on July 23, 2024. Doc. 8. The summons was returned executed on July 25, 2024. Doc. 9. Jonathan Metal has not appeared in this action. Petitioners filed a motion for summary judgment seeking confirmation of the arbitration award, as well as an affirmation in support requesting attorney's fees, costs, and post-judgment interest, on September 3, 2024. Doc. 10; Doc. 14.

After no response was received from Jonathan Metal, the Court ordered it to submit a response to the motion by July 11, 2025. Doc. 17 ¶ 2. The Court stated that it would deem the motion unopposed if Jonathan Metal failed to submit a response by that date. *Id*. *See also* Doc. 1 ¶ 17. A copy of the Court's order was delivered by certified mail to Jonathan Metal on July 7, 2025. Doc. 18. Jonathan Metal did not submit a response by July 11, 2025.

## II. LEGAL STANDARD

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The court is required to grant the award "unless the award is vacated, modified, or corrected." *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems*

*Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).  It is not necessary that the arbitrator explain the rationale for the award, which "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted).  As long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award—even if it disagrees with it on the merits.  *Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees International Union, A.F.L.-C.I.O.*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110; *see also Trustees for the Mason Tenders District Council Welfare Fund v. Earth Construction Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record." (citation omitted)).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Senno v. Elmsford Union Free School District*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted).  A fact is "material" if it might affect the outcome of the litigation pursuant to the governing law.  *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted).  "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no

5

material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.  DISCUSSION

#### A. Confirmation of the Unopposed Arbitration Award

The Court finds that there is sufficient justification to confirm the arbitration award. *See Landy*, 954 F.2d at 797. "Typically, confirmation by a district court is a 'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Trustees for the Mason Tenders District Council Welfare Fund*, 2016 WL 1064625, at *2 (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). *See also National Football League Management Council v. National Football League Players Association*, 820 F.3d 527 (2d Cir. 2016). Pursuant to the CBA between Petitioners and Jonathan Metal, the JTB is "empowered to hear and decide in arbitration" and the "decisions, findings, and awards of the [JTB] shall be final and binding upon the signatory Employer and the Union…" Doc. 2-2 at 42.

As the designated arbitrator, and after an arbitration hearing at which Jonathan Metal appeared, the JTB directed Jonathan Metal to pay $21,745.63 in wages to the Union and $25,786.62 in benefits to the PIIAF for engaging in discrimination against Vasquez, totaling $47,532.25. Doc. 1 at 4; *see also* Doc. 2-1 at 4. Therefore, "[w]here, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the

award." *Trustees of New York City District Council of Carpenters Pension Fund v. Dejil Systems, Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

Moreover, after New York's three-month statute of limitations period for applications to vacate an arbitration award has lapsed pursuant to 9 U.S.C.A. § 12, "the successful party has a right to assume the award is valid and untainted and to obtain its confirmation in a summary proceeding." *Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998) (quoting *Florasynth*, 750 F.2d at 176); *see also Hall Street Associates, L.L.C.*, 552 U.S. at 583; *Ottlry v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987) ("In a confirmation proceeding, the court properly may consider only the statutory bases for modifying or vacating an award and challenges to the award's clarity."). Jonathan Metal did not appeal the arbitration award within the requisite three months. Doc. 11 ¶ 13. The Court thus confirms the unopposed arbitration award.

### B. Entitlement to Requested Attorney's Fees, Costs, and Post-Judgment Interest

The Court finds an award of attorney's fees and costs, as well as post-judgment interest, appropriate. Courts "have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trustees of the New York City District Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *6 (S.D.N.Y. May 12, 2008). Given that Jonathan Metal neither paid nor appealed the award, the Court grants Petitioners' request for reasonable attorney's fees.

Counsel for the Petitioners, Lauren M. Kugielska, of the law firm Barnes, Iaccarino & Shepherd LLP, billed at a rate of $300 per hour.[1] Doc. 14 at 2. The Court finds this rate reasonable. *See, e.g.*, *New York City & Vicinity District Council of Carpenters v. Vardaris Tech Inc.*, No. 16 Civ. 6428 (DLI) (ST), 2018 WL 2050590, at *4 (E.D.N.Y. Jan. 3, 2018) (awarding $250 hourly rate for Sigelakis); *see also Konits v. Karahalis*, 409 F. App'x 418, 422 (2d Cir. 2011) (affirming holding that prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300–$400 per hour).

The Court also finds that the time billed on this action—8.4 hours—was reasonable. Doc. 14 at 3; *see also New York City & Vicinity District Council of Carpenters v. Plaza Construction Group, Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (concluding that the 9.2 hours Sigelakis expended in an arbitration confirmation for summary judgment was reasonable). Thus, the Court grants the $2,520 in attorney's fees for 8.4 hours at a rate of $300 per hour.

Furthermore, the Court grants the $511 in legal costs, including: (1) $400 in filing fees to the Clerk of the Court; and (2) $111 in statutory fees paid to the NYS Secretary of State in connection with service upon the Employer. Doc. 14 at 2; *see also Unite Here Retirement Fund v. P.D. 33 Street Corp.*, No. 19 Civ. 3855 (JGK), 2020 WL 6585850, at *5 (S.D.N.Y. Nov. 10, 2020) (finding $400 in filing fees and $987 in processing fees reasonable).

Finally, the Court grants the requested post-judgment interest on the award pursuant to 28 U.S.C. § 1961(a). *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

---

[1] The itemized request for attorney's fees and costs from counsel for Petitioners can be found in the affirmation for support of fees and costs, Doc. 14, separate from the motion, Doc. 10.

## IV.   CONCLUSION

For the foregoing reasons, the petition to confirm the award is GRANTED.  The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners in the total amount of $50,563.25, consisting of:  (i) $47,532.25 in arbitration award; (ii) $2,520 in attorney's fees; and (iii) $511 in costs.  Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.  The Clerk of Court is also respectfully directed to close the case.

It is SO ORDERED.

Dated:   July 17, 2025
         New York, New York

_____<br>EDGARDO RAMOS, U.S.D.J.